

**ORDERED in the Southern District of Florida on November 12, 2010.**

**Paul G. Hyman, Chief Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | CASE NO.: 09-19281-BKC-PGH |
| KEITH F. MILLER,<br>    Debtor. | CHAPTER 7 |
| _____/ | |
| MICHAEL R. BAKST, Trustee<br>    Plaintiff, | ADV. NO.: 10-3152-BKC-PGH-A |
| v. | |
| KEITH F. MILLER,<br>    Defendant.<br>_____/ | |

<u>MEMORANDUM ORDER DENYING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT,
AND GRANTING DEBTOR'S CROSS-MOTION FOR SUMMARY JUDGMENT</u>

**THIS MATTER** came before the Court on September 28, 2010, upon Michael Bakst's (the "Trustee") *Motion for Summary Judgment* (the "Motion"), and Keith F. Miller's (the "Debtor") *Response to Plaintiff's Motion for Summary Judgment and Defendant's Cross-motion for Summary Judgment* (the "Cross-Motion"). For the

reasons set forth below, the Court herewith denies the Trustee's Motion, and grants the Debtor's Cross-Motion.

## BACKGROUND[1]

The Debtor is the surviving spouse of Susan Miller (the "Decedent"). The Decedent died on March 6, 2009, leaving her children as the beneficiaries of a Merril Lynch IRA (the "IRA"). The Debtor filed a Chapter 7 petition on May 14, 2009 (the "Petition Date"), and received a discharge on March 14, 2010. On April 29, 2010, the Debtor filed an *Election to Take Elective Share* in the Decedent's estate (the "Election"). By virtue of the Election, the Debtor is entitled to a thirty percent share of the Decedent's elective estate (the "Elective Share"). Although the assets constituting the elective estate are yet to be determined, both parties agree that the IRA will be included in the elective estate.

On June 14, 2010, the Trustee filed a *Complaint to Determine Validity, Priority, and Amount of Interest in Elective Share* (the "Complaint"), seeking a ruling that the Elective Share is property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(a).[2]

---

[1] The Background references the parties' October 25, 2010 *Joint Stipulation of Facts*, and other documents filed in this case, of which the Court takes judicial notice.

[2] A clause in the "wherefore" paragraph of Count II of the Complaint requests that the "entire interest in the Porsche" be deemed property of the bankruptcy estate. Complaint at 5. Because there is no other reference to a Porsche in the Complaint or Motion, and because the balance of Count II seeks relief relating to the Elective Share, the Court finds the reference to a Porsche in Count II to be in error.

The Motion seeks summary judgment with respect to the Complaint. In his Cross-Motion, the Debtor seeks an order finding that the Elective Share is not property of the estate. Alternatively, the Debtor seeks a determination that the Elective Share is exempt to the extent it consists of funds from the IRA.

### CONCLUSIONS OF LAW

**I.   Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**II.   Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is appropriate if the Court determines that the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997). "In determining whether a genuine question of material

fact exists, the Court must consider all evidence in the light most favorable to the non-movant." *Pilkington v. United Airlines, Inc.*, 921 F. Supp 740, 744 (M.D. Fla. 1996). In considering a motion for summary judgment, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986), *cert. denied*, 480 U.S. 932 (1987) (citing *Anderson*, 477 U.S. at 248). "Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts . . . If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999).

## III. The Elective Share is not Property of the Estate

With limited exceptions, § 541 of the Bankruptcy Code provides that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Pursuant to § 541(a)(5), this includes property that the debtor "acquires or becomes entitled to acquire within 180 days" of the petition date "by bequest, devise, or inheritance." 11 U.S.C. § 541(a)(5). Whether the Debtor has an interest in property under § 541 is determined by state law.

*Butner v. United States*, 440 U.S. 48, 54-55 (1979).

Under Florida law, the right of election is a personal right of the surviving spouse. *See Harmon v. Williams*, 615 So.2d 681, 682 (Fla. 1993). As such, the "right of election, itself, is not a property interest of the debtor, and thus, not property of the estate." *In re Brand*, 251 B.R. 912, 916 (Bankr. S.D. Fla. 2000). Moreover, although an elective share interest "would constitute property of the estate[,]" "an elective share interest does not exist until the statutory right of election is properly exercised." *Id.* at 915-16; *see also In re McCourt*, 12 B.R. 587, 589 (Bankr. S.D.N.Y. 1981) ("Until the debtor exercises his personal statutory right to the election, no rights in his deceased wife's property are ascribable to the debtor.").

In this case, both parties acknowledge that the Debtor's interest in the Elective Share came into existence on April 29, 2010, when the Debtor filed the Election.[3] Nevertheless, the Trustee argues that the Elective Share is property of the estate because the Debtor could have exercised his right of election before the Petition Date, upon the death of the Decedent. As such, the Trustee asserts the Debtor was "entitled to acquire" the Elective Share as of the Petition Date. § 541(a)(5). The Trustee

---

[3] *See* Motion at 6 (asserting that "electing to take an elective share interest results in the creation of a property interest of the debtor," and citing case law); Cross-Motion at 8 (acknowledging for the purposes of the Motion that the Elective Share came into being on April 29, 2010).

argues that the fact the Debtor actually filed the Election 350 days after the Petition Date is irrelevant.  The Trustee relies on *In re Chappel*, 189 B.R. 489 (B.A.P. 9th Cir. 1995), to assert that the Debtor cannot delay becoming entitled to property in order to avoid the 180 day period under § 541(a)(5).

In response, the Debtor argues that the Elective Share is not property of the estate because § 541(a)(1) only applies to a property interest that exists as of the commencement of a case. Regarding § 541(a)(5), the Debtor asserts that property acquired through an elective share is not a "bequest, devise, or inheritance" within the meaning of § 541(a)(5).  The Debtor further asserts that § 541(a)(5) does not apply because the Debtor did not become entitled to acquire the Elective Share until he filed the Election, more than 180 days after the Petition Date.

The Court finds the Debtor's argument persuasive.  Section 541(a)(1) does not apply because the Elective Share did not exist as of the Petition Date.  The Trustee's argument that the Debtor was entitled to acquire the Elective Share on the Petition Date simply restates the fact that the Debtor had the personal right of election on the Petition Date.  The Debtor's right of election, however, is not a property interest under § 541(a)(1).

Section 541(a)(5) also does not apply, because the Debtor filed the Election 350 days after the Petition Date, well beyond the 180 day period set forth in § 541(a)(5).  Until the Debtor

6

exercised the right of election, the Debtor was not entitled to acquire the Elective Share. *See Harmon v. Williams*, 596 So. 2d 1139, 1141-42 (Fla. 2d DCA 1992) (failure to timely, properly file election resulted in forfeiture of elective share), *aff'd*, 615 So. 2d 681 (Fla. 1993).  Although the Trustee asserts that the Debtor intentionally delayed filing the Election to avoid the 180 day period under § 541(a)(5), a review of the record indicates that the Trustee never filed a motion seeking to require the Debtor to file the Election.  Even if the Trustee had filed such a motion, the Trustee cites no authority indicating that the Court has the power to require a debtor to exercise a right of election.  Relevant case law indicates that the Court has no such power. *See McCourt*, 12 B.R. at 589 (denying trustee's motion to force the debtor to exercise the right of election).  The case cited by the Trustee, *Chappel*, is not on point.  In *Chappel*, the court found that under California law a debtor acquired an interest in property his mother bequeathed to him immediately upon the mother's death, and not upon admittance of her will to probate. 189 B.R. at 492.  The point in time when a debtor acquires an interest in an elective share was not at issue in *Chappel*.

In this case, the Debtor acquired the right to receive the Elective Share outside of the 180 day period set forth under § 541(a)(5).  Therefore, § 541(a)(5) does not apply.  Because the Debtor acquired the Elective Share outside of the time limit set

forth in § 541(a)(5), the Court need not determine whether property received through an elective estate is a bequest, device, or inheritance under § 541(a)(5). The Court also need not resolve the parties' arguments relating to the IRA, because the Court finds that the entire Elective Share, including the IRA, is not property of the estate.

## CONCLUSION

The Debtor did not acquire a property interest in the Elective Share until he filed the Election, more than 180 days after the Petition Date. As such, the Elective Share is not property of the estate.

## ORDER

The Court, having reviewed the submissions of the parties, the applicable law, and being otherwise fully advised in the premises, hereby **ORDERS AND ADJUDGES** that:

1.  The Trustee's Motion is **DENIED.**

2.  The Debtor's Cross-Motion is **GRANTED.**

3.  The Elective Share is not property of the estate, and the Debtor's bankruptcy estate has no interest in the Debtor's Elective Share of the Decedent's estate.

4.  Pursuant to Federal Rule of Bankruptcy Procedure 7058, the Court will enter a separate final judgment contemporaneously herewith.

### ###

Copies Furnished To:

Morris G. Miller, Trustee's Attorney

8

Brett A. Elam, Debtor's Attorney